UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-62793-RNS

| | |
|---|---|
| SHERIDAN HEALTHCORP, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>AETNA HEALTH INC., AETNA LIFE INSURANCE COMPANY, COVENTRY HEALTH AND LIFE INSURANCE COMPANY, COVENTRY HEALTH CARE OF FLORIDA, INC., COVENTRY HEALTH PLAN OF FLORIDA, INC., and FIRST HEALTH LIFE AND HEALTH INSURANCE COMPANY,<br><br>    Defendants. | |

**PLAINTIFF'S MOTION TO FILE UNDER SEAL ITS REPLY IN SUPPORT OF EMERGENCY MOTION TO REMAND AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Sheridan Healthcorp, Inc. ("**Sheridan**"), by and through its undersigned counsel, pursuant to S.D. Fla. L.R. 5.4(b), respectfully moves this Court for an order authorizing the filing under seal of Sheridan's Reply in Support of Emergency Motion to Remand and Incorporated Memorandum of Law and its accompanying exhibits. ("**Reply**"). In support, Sheridan states the matters set forth below.

**MEMORANDUM OF LAW**

The Reply may attach and reference highly sensitive information that in this matter before Chief Judge Jack Tuter in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE 15-009394 (07) ("**State Court**") is subject to a

Confidentiality Order, entered on October 29, 2015, and attached to this motion as **Exhibit A** ("**Confidentiality Order**").

It is well established in the Eleventh Circuit that "the common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citing *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001)).

A district court must examine the nature and character of the information in question to determine whether good cause exists. *See id.* As explained in *Romero*:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents

*Id.* at 1246. Moreover, a "party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.*

Good cause exists for Sheridan to file its Reply under seal given the confidential, sensitive, and proprietary nature of the information within and attached to its Reply.

Specifically, Sheridan may incorporate within its Reply certain documents and portions of deposition testimony regarding the medical claims at issue and the operation of Sheridan's business—information that has been designated "Confidential" or "Attorneys' Eyes Only" pursuant to the State Court's Confidentiality Order. The Confidentiality Order dictates that any information designated "Confidential" by a party in State Court may only be disclosed to certain

people, including counsel of record, the parties, and the Court. Ex. A at 3-4. Included in the definition of Confidential Information in the Confidentiality Order is information designated "Attorneys' Eyes Only," which is subject to additional protections beyond that of other Confidential Information. *Id.* at 4-5. Pursuant to the Confidentiality Order, "[a]ll portions of any pleadings, motions, briefs, memoranda, or other documents filed with the Court purporting to reproduce, summarize, or paraphrase Confidential Information shall be filed under seal," including information and documents designated Attorneys' Eyes Only. *Id.* at 6-7. Disclosure to the public of this proprietary information would be highly injurious to Sheridan. *Romero*, 480 F.3d at 1246. Accordingly, and in compliance with Sheridan's obligations pursuant to the Confidentiality Order, certain portions of the Reply, including certain exhibits designated Confidential Information or Attorneys' Eyes Only, should be filed under seal.

**WHEREFORE** Sheridan respectfully requests that: confidential portions of the Reply and certain of its accompanying exhibits remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above-referenced Confidentiality Order, as ordered by this Court, or required by law. A proposed order is submitted with this motion. A sealed copy and a redacted copy of the Reply will be filed in accordance with this Court's ruling on this motion to file under seal.

### CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for Sheridan made reasonable efforts to confer with counsel for Defendants by email on November 20, 2018 in a good faith effort to resolve the issues raised in the instant motion, and Defendants did not respond.

Dated: November 20, 2018

                                  Respectfully submitted,

/s/ Edward Soto
Edward Soto (Fla. Bar No. 0265144)
Edward.Soto@weil.com
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Tel:   (305) 577-3100
Fax:   (305) 374-7159

 -and-

Todd S. Payne (Fla. Bar No. 834520)
tpayne@zpllp.com
ZEBERSKY PAYNE SHAW LEWENZ, LLP
1100 S.E. 6th Stree, Suite 2150
Fort Lauderdale, FL  33301
Telephone:  (954) 989-6333
Fax:  (954) 989-7781

*Counsel for Plaintiff Sheridan Healthcorp, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Florida by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

/s/ Edward Soto
Edward Soto (Fla. Bar No. 0265144)
Edward.Soto@weil.com
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Tel:   (305) 577-3100
Fax:   (305) 374-7159

*Counsel for Plaintiff Sheridan Healthcorp, Inc.*