United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sheridan Healthcorp, Inc., Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-62793-Civ-Scola |
| Aetna Health Inc. and others, | ) |
| Defendants | ) |

## **Order Granting Motion to Remand**

Defendants Aetna Health Inc., Aetna Life Insurance Company, Coventry Health and Life Insurance Company, Coventry Health Care of Florida, Inc., Coventry Health Plan of Florida, Inc., and First Health Life and Health Insurance Company removed this case from state court, for the second time, on November 16, 2018. (ECF No. 1.) According to the Defendants, Plaintiff Sheridan Healthcorp., Inc. has "confirmed within the last 30 days that Sheridan is seeking damages for denied medical claims pursuant to extra-contractual causes of action that are not independent of [the Employment Retirement Income Security Act]." (Not. of Removal at 1.) The Defendants claim removal is proper based on its characterization of these claims as preempted ERISA medical claims. Shortly after the Defendants removed this case, Sheridan filed a sealed emergency motion to remand. (ECF No. 6.) After reviewing the record in this case, the Court ordered expedited briefing of the motion to remand. The Defendants have responded. (ECF No. 12.)

After careful review, the Court **grants** Sheridan's motion. (**ECF No. 6**.) In support, the Court adopts the reasoning and analysis set forth in Judge Bloom's order, entered in response to the Defendants' first attempt to remove. *Sheridan Healthcorp, Inc. v. Aetna Health Inc.*, 161 F. Supp. 3d 1238, 1241 (S.D. Fla. 2016) (Bloom, J.) Additionally, the Court finds the Defendants' removal untimely. Ordinarily, a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "A defendant seeking late removal on the basis of 'other papers' bears the heightened burden of proving that 'the case "has become removable" due to changed circumstances.'" *Sheridan*, 161 F. Supp. 3d at 1244 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 760 (11th Cir.2010)). "[T]he documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Alabama Power Co.*, 483 F.3d

1184, 1215 (11th Cir. 2007). Here, there is no "amended pleading" or "other paper" showing "changed circumstances" that unambiguously establish federal jurisdiction.

Instead, the Defendants rely on an October 29, 2018, letter from Sheridan that merely confirms that Sheridan intends to "continue to seek" the damages as set forth by its expert's report and testimony. The only "disputed claims" referenced in the letter relate to claims implicating "services rendered under the applicable HPB Agreements [that] were not paid by Defendants after Sheridan complied with the applicable dispute resolution and appeals provisions under those HBP Agreements." (ECF No. 1-5, 2.) The Defendants characterize this as the first time Sheridan ever "provided Defendants with an 'unambiguous statement'—or any statement all—that [it was] seeking damages on denied benefit claims." (Defs.' Resp. at 10.) The Court is not persuaded. First, under the Defendants' own theory, the letter merely confirms damages that Sheridan's expert had already disclosed in a report issued in 2017. (Decl. of Defs.' Expert J. Mark Abernathy, ECF No. 12-1, 3 ("I reviewed the claims data files provided by Sheridan, as well as claims data files provided by Aetna Coventry" and "my team identified . . . 5,425 denied services that were denied").) Second, the Defendants fail to establish that the claims referenced in Sheridan's October 29 letter actually qualify as ERISA claims. Instead, in support of preemption, the Defendants point to thousands of "denied claims lingering in Sheridan's list of disputed claims" through which "Sheridan seeks to recover damages . . . based on a state[-]law theory of unjust enrichment for which there is no related contract." (Defs.' Mot. 8–9.) This disconnect, between the contract claims referenced in the October 29 letter and the "extra-contractual causes of action" relied upon by the Defendants, is fatal to the Defendants' attempt to remove.

The Court thus **grants** Sheridan's motion to remand. (**ECF No. 6**.) The Court **remands** this case to the Seventeenth Judicial Circuit Court for Broward County, Florida. Any pending motions are denied as moot. The Clerk is directed to **close** this case and take all necessary steps to ensure prompt remand and the transfer of this file.

To the extent the parties, after properly conferring, are unable to resolve Sheridan's claim for fees and costs under 28 U.S.C. § 1447(c), the Court orders Sheridan to file a renewed motion for fees on or before **December 7, 2018**.

**Done and ordered**, at Miami, Florida, on November 20, 2018.

Robert N. Scola, Jr.
United States District Judge